UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN BENNETT,<br><br>    Plaintiff,<br><br>  v.<br><br>MARK SEVIER, et al.,<br><br>    Defendants. | CAUSE NO.: 3:18-CV-852-RLM-MGG |

OPINION AND ORDER

Kevin Bennett, a prisoner without a lawyer, filed a complaint and motion for injunctive relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Bennett alleges that he suffers from paranoid schizophrenia, antisocial personality disorder, anxiety, and depression and is housed in solitary confinement in the Westville Control Unit. In February 2018, Dr. Barbara Eichmann discontinued his psychotropic medications based on

reports that he was hoarding them. He asked Dr. Eichmann, Dr. Durak, Dr. Wala, and Therapist Boren for psychotropic medication to help him cope with the conditions in solitary confinement, but they refused and forced him to undergo psychotherapy without it.

On April 24, 2018, Mr. Bennett told Therapist Boren that he heard voices telling him to commit suicide and that he would hang himself if he had to return to his cell. In response, Therapist Boren placed Mr. Bennett on suicide watch, and a fellow inmate was assigned to monitor him. That evening, Mr. Bennett swallowed 76 pills. As a result, he fell in and out of consciousness and vomited profusely. Mr. Bennett told the inmate about the pills and that he intended to hang himself, and the inmate told correctional staff. When Officer Mallon and Nurse West arrived at the cell, Mr. Bennett was lying face down on the floor with a sheet tying his neck to his bed. Nurse West told Mr. Bennett and Officer Mallon that Mr. Bennett was faking a suicide attempt, and Lieutenant Jones refused to signal an emergency.

Thirty minutes later, an emergency was signaled, and Sergeant Renhack ordered Mr. Bennett to put on handcuffs, even though he was unresponsive and paralyzed from the neck down. Sergeant Renhack, Sergeant Flaherty, Officer Brown, and Officer Mallon entered the cell, jumped on Mr. Bennett's back, aggressively held him to the floor, and put him in handcuffs and leg shackles. The officers carried Mr. Bennett by his arms and leg shackles to the medical unit for an examination, where he complained to Nurse West about pain and paralysis. He was returned to his cell and remained on constant suicide watch

2

and strip cell status until April 30. After the apparent suicide attempt, Nurse West, Nurse Hutchinson, and Dr. Liaw provided inadequate treatment for the pain in Mr. Bennett's stomach and back. Mr. Bennett remains without psychotropic medication and adequate mental health therapy and continues to experience tingling, numbness, and sharp back pain. He seeks money damages as well as proper treatment for his mental health and back.

Mr. Bennett asserts Eighth Amendment claims of deliberate indifference against several defendants. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

Based on the allegations in the complaint, Mr. Bennett plausibly states the following deliberate indifference claims: (1) a claim against Dr. Eichmann,

3

Dr. Durak, Dr. Wala, and Therapist Boren for providing him with no psychotropic medication and inadequate mental health therapy since February 2018; (2) a claim against Lieutenant Jones, Officer Mallon, and Nurse West for their inadequate initial response to the suicide attempt on April 24, 2018; and (3) a claim against Nurse West, Nurse Hutchinson, and Dr. Liaw for inadequate treatment of his stomach pain and back pain caused by the suicide attempt since April 24.

Mr. Bennett also asserts an Eighth Amendment claim of deliberate indifference to serious medical needs against Wexford of Indiana, LLC for maintaining a policy or practice of denying or delaying medical care to inmates with nerve damage to save money. A corporation "cannot be held liable under § 1983 on a respondeat superior theory." Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." Id. A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." Id. Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." McTigue v. City of Chicago, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." Johnson v. Cook Cty., 526 F. App'x 692, 695 (7th Cir. 2013). Mr. Bennett plausibly states a deliberate indifference claim against Wexford of Indiana, LLC.

4

Mr. Bennett asserts an Eighth Amendment claim of excessive force against Sergeant Flaherty, Sergeant Renhack, Officer Mallon, and Officer Brown. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id. Mr. Bennett alleges that these defendants entered his cell, jumped on his back, and aggressively held him down without any legitimate reason to use force against him. Therefore, he plausibly states an Eighth Amendment claim of excessive force against Sergeant Flaherty, Sergeant Renhack, Officer Mallon, and Officer Brown.

Next, Mr. Bennett filed a motion for a preliminary injunction and a permanent injunction to obtain proper treatment for his mental condition and his back. Mark Sevier, as the warden of the Westville Correctional Facility, has both the authority and the responsibility to ensure that Mr. Bennett receives the medical treatment to which he is entitled under the Eighth Amendment. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Bennett may proceed against Mark Sevier on an injunctive relief claim, and Mark Sevier is the proper party to respond to the motion for a preliminary injunction.

As a final matter, though Mr. Bennett lists Captain Carter as a defendant, there are no other references to him in the complaint. Because there are no

5

allegations to support a claim against Captain Carter, this defendant is dismissed.

For these reasons, the court:

(1) GRANTS Kevin Bennett leave to proceed on an Eighth Amendment claim of deliberate indifference for money damages against Barbara Eichmann, Gary Durak, Monica H. Wala, and Michelle Boren for providing him with no psychotropic medication and inadequate mental health therapy since February 2018;

(2) GRANTS Kevin Bennett leave to proceed on an Eighth Amendment claim of deliberate indifference for money damages against Lester Jones, Erin Mallon, and Janice West for their inadequate initial response to the suicide attempt on April 24, 2018;

(3) GRANTS Kevin Bennett leave to proceed on an Eighth Amendment claim of deliberate indifference for money damages against Janice West, Katherine Hutchinson, and Andrew Liaw for inadequate treatment of the stomach pain and back pain caused by the suicide attempt since April 24, 2018;

(4) GRANTS Kevin Bennett leave to proceed on an Eighth Amendment claim of deliberate indifference for money damages against Wexford of Indiana, LLC, for maintaining a policy or practice of denying or delaying medical care for nerve damage to save money;

(5) GRANTS Kevin Bennett leave to proceed on an Eighth Amendment claim for money damages against Sean Flaherty, Sergeant

Renhack, Erin Mallon, and William Brown for using excessive force on April 24, 2018;

(6) GRANTS Kevin Bennett leave to proceed on a claim for injunctive relief against Mark Sevier in his official capacity to obtain medical treatment for his mental condition and his back as required by the Eighth Amendment;

(7) DISMISSES Captain Carter;

(8) DISMISSES all other claims;

(9) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Mark Sevier, Lester Jones, Sergeant Renhack, Sean Flaherty, Erin Mallon, William Brown, Wexford of Indiana, LLC, Barbara Eichmann, Monica H. Wala, Gary Durak, Michelle Boren, Andrew Liaw, Katherine Hutchison, and Janice West at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d);

(10) ORDERS Mark Sevier to respond to the motion for preliminary injunction (ECF 4) by <u>November 30, 2018</u>; and

(11) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Mark Sevier, Lester Jones, Sergeant Renhack, Sean Flaherty, Erin Mallon, William Brown, Wexford of Indiana, LLC, Barbara Eichmann, Monica H. Wala, Gary Durak, Michelle Boren, Andrew Liaw, Katherine Hutchison, and Janice West to respond, as provided for in the Federal Rules of Civil

Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kevin Bennett has been granted leave to proceed in this screening order.

SO ORDERED on November 1, 2018

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT